UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:20-cr-00220-JMS-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JEROME WARREN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00220-JMS-TAB |
| | ) | |
| JEROME WARREN, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Jerome Warren has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 57. For the reasons explained below, his motion is **DENIED**.

**I.
Background**

In June 2020, law enforcement officers responded to Mr. Warren's home in response to a complaint that Mr. Warrant had threatened another person with a rifle. Dkt. 17 at 8. Law enforcement executed a search warrant on Mr. Warren's home and located an assault rifle loaded with a high-capacity magazine inside. *Id*. Mr. Warren had previous felony convictions including a conviction for Dealing in a Narcotic Drug, in Marion County, Indiana under cause number 49G20-0908-FA-076198. *Id.* In February 2021, Mr. Warren pled guilty to one count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Dkt. 38 at 1.

Mr. Warren faced a guidelines range of 120 months of imprisonment. Dkt. 30 at 17. The Court sentenced him to 84 months of imprisonment. Dkt. 38 at 2–3. The Bureau of Prisons ("BOP") currently reports Mr. Warren's anticipated release date (with good-conduct time included) as May 28, 2026. https://www.bop.gov/inmateloc/ (last visited August 22, 2024).

Mr. Warren has filed a motion for compassionate release *pro se*. Dkt. 57. Mr. Warren argues that he establishes extraordinary and compelling reasons for compassionate release because he has undergone rehabilitation that greatly exceeds that of an ordinary prisoner. *Id.* at 7, 11. The Court has concluded that it can resolve the motion without a response from the United States.

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Warren's only argued extraordinary and compelling reason for release is that he has undergone extraordinary rehabilitation while incarcerated. Dkt. 57 at 7, 11. He states that he has participated in the Life Connections Program in the BOP, has engaged in extensive programming while incarcerated, and has committed himself to improving his community when he is released.

3

Dkt. 57 at 7–11. However, while the strides Mr. Warren has made in prison are commendable, rehabilitation alone, no matter how exceptional, cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a standalone reason for compassionate release.") (cleaned up). The Court does not find that Defendant's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Because Mr. Warren has not established extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.
### Conclusion

For the reasons stated above, Mr. Warren's motion for compassionate release, dkt. [57], is **denied**.

**IT IS SO ORDERED.**

Date: 8/23/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Jerome Warren
Register Number: 17581-028
FCI Edgefield
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824